873 F.2d 1438
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
GEORGE D. NEWMAN & SONS, INC., Plaintiff-Appellant,
v.
WASHINGTON SUBURBAN SANITARY COMMISSION, Defendant-Appellee.
 No. 88-2637.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 6, 1989.
Decided: April 14, 1989.
 
 Clark S. Kall (Mark Rollinson, Smith Rollinson, on brief), for appellant.
 Robert H. Drummer (Nathan J. Greenbaum, Vicki E. Webb, Washington Suburban Sanitary Commission, on brief), for appellee.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This suit seeks to invalidate an award to the lowest bidder of a contract by the Washington Suburban Sanitary Commission ("WSSC"), a public agency created under the laws of Maryland and award such contract to the next lowest bidder. The controversy, though one against WSSC is in reality between two enterprises, both of which have been certified as minority enterprises by agencies of the State of Maryland. The enterprises competed, along with others, in the award by WSSC of a contract under a voluntary minority set-aside program adopted by WSSC. Newman, the plaintiff, contends that Hardy, the low bidder, though certified by an appropriate State agency as a minority enterprise qualified to bid under the set-aside regulations, was not a bona fide minority enterprise. The plaintiff alleges in his complaint that he objected to Hardy's participation in the bidding before the bids were filed, but was advised by the purchasing agent of WSSC that he should not file his objection until the bids were opened and the award was made. Newman was advised at that point he could, within fifteen days after the award, file his objections to Hardy and that he could then receive an administrative hearing, with all the processes attaching thereto on his objections. Newman, however, did not file any objections to the award of the contract to Hardy within the fifteen days provided for the filing of such objections. After the fifteen days had expired, Newman filed this action in the District Court.
 
 
 2
 Newman would construe his action as a civil rights action complaining of racial discrimination. It is his contention that under the WSSC regulations, a minority enterprise entitled to participate in the award of contracts under the set-aside regulations of WSSC must be at least 51% owned and controlled by a member of one or more of the groups defined by WSSC as minorities. He asserts WSSC had an obligation to make an independent determination whether Hardy actually was a "minority enterprise" before awarding a contract under the set-aside program, and that WSSC had not made such a determination. This failure constituted, under Newman's theory as stated in his complaint, a violation of his constitutional rights. The contention is obviously without merit and the District Court properly dismissed the action and we affirm, though for reasons somewhat different than those assigned by the District Court.
 
 
 3
 This is not a civil rights case; it is simply a complaint that award of a public contract under an agency regulation was violative of such regulations. The agency and the State statute provide the plaintiff with an administrative remedy, with the full panoply of due process rights, to redress any such alleged violations of this regulation. Newman failed to comply with the procedure provided under State law and agency regulations for redress of his complaint. Newman would excuse his failure to pursue his administrative remedies by arguing that this case represents a constitutional claim to remedy a racial discrimination suffered by the plaintiff and, as such, is not within the requirement of exhaustion of administrative remedies. Patsy v. Board of Regents of State of Florida, 457 U.S. 496, 516 (1982); Educational Services, Inc. v. Maryland State Board for Higher Education, 710 F.2d 170, 173, fn. 8 (4th Cir.1983). We are unable to follow this argument.
 
 
 4
 This is not a case of racial discrimination. Both the plaintiff Newman and Hardy are members of a minority race as contemplated under the pertinent set-aside regulation. Both relied on a State set-aside regulation issued under State law in making their bids. The constitutional validity of the regulation is not contested. To qualify under the regulation, awards under the set-aside order are to be made only to persons qualifying thereunder. The question in this case is whether Hardy qualified under the regulation. The question involves simply an application of a regulation adopted by the agency. The plaintiff was advised expressly, by his own allegation, that, if he had any objections to a bid by a party certified as a minority enterprise under the set-aside program, he should file his objections after the award and he would be accorded a due process hearing, first, before the agency and then by appeal. This was the procedure marked out by the regulation. The plaintiff failed to object after the award within the time fixed in the regulation. His belated suit filed after he had failed to contest the award within the time fixed by the regulation bars this suit which rests on an alleged violation of a valid state regulation and not on any federal constitutional violation. Actually, federal jurisdiction of this suit at all is questionable.
 
 The judgment of the District Court is
 
 5
 AFFIRMED.